UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EVA BORTNICK,

       Plaintiff,

  v.

HOUSING AUTHORITY OF LINCOLN
COUNTY,

       Defendant

Case No. 6:25-cv-01072-MTK

**OPINION AND ORDER**

---

**KASUBHAI,** United States District Judge:

Plaintiff Eva Bortnick brings this action against the Housing Authority of Lincoln County ("HALC"). Compl., ECF No. 1. Before the Court are Plaintiff's Application for Leave to Proceed *In Forma Pauperis* ("IFP") and Motion for Appointment of *Pro Bono* Counsel. ECF Nos. 2, 3. For the reasons below, Plaintiff's application for Leave to Proceed IFP is GRANTED, however, Plaintiff's Complaint is DISMISSED with leave to amend. Plaintiff's motion for appointment of *pro bono* counsel is DENIED.

## BACKGROUND

The following allegations are taken as true for the purpose of this Opinion and Order. Plaintiff requested an "exception subsidy" for a Section 8 housing voucher as a reasonable accommodation for her disabilities. Compl. at 6.[1] The exception subsidy would have allowed her

---

[1] The page number refers to the Pdf page number in ECF No. 1.

to remain in the home that she currently rents. Plaintiff alleges that her current home is necessary to accommodate her disabilities. Compl. at 6.

HALC denied Plaintiff's request because the rent exceeded the program's parameters and as a single person, Plaintiff only qualified for a one-bedroom subsidy. *Id.* Plaintiff disputes the correctness of HALC's explanation and alleges that Housing and Urban Development ("HUD") guidelines allow for the requested accommodation. She also alleges that she is aware of a similarly situated individual whose request to exceed the purported parameters was granted. Plaintiff alleges that HALC falsely told the HUD Oregon office Director that they denied Plaintiff's accommodation because of the response from Plaintiff's medical provider. Plaintiff alleges that HALC sent her accommodation verification form over six months after she submitted the accommodation subsidy request.

Plaintiff's appeal of the decision to deny her requested accommodation was denied on March 17, 2022. On June 23, 2025, Plaintiff filed her Complaint. She alleges that "an administrative investigation tolls the statute of limitations for one year, three months, and thirteen days." Compl. at 9. Plaintiff brings claims for injunctive monetary relief under The Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq*, and Section 504 of the Rehabilitation Act ("RHA") 29 U.S.C. § 794. Compl. at 3.

## DISCUSSION

### I.    IFP Application

After reviewing Plaintiff's IFP application, the Court finds that Plaintiff cannot afford the costs of this litigation without undue hardship. Accordingly, Plaintiff's IFP application is granted.

## II.    Mandatory Screening

### A.    Standard

Under 28 U.S.C. § 1915(e)(2), Congress established that a court shall dismiss an IFP

complaint, either *sua sponte* or pursuant to a motion by the opposing party, when the complaint

"is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. §

1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim when there is no

cognizable legal theory, or the factual allegations are insufficient to support a claim for relief.

*Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

In determining the sufficiency of a self-represented party's complaint, a court must be

mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21

(1972); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (allegations of

material fact are taken as true and construed in the light most favorable to plaintiff). However, a

complaint must still comply with the pleading requirements of the Federal Rules of Civil

Procedure. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*,

556 U.S. 662 (2009). Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." As the Supreme Court

explained *Twombly*:

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's
> obligation to provide the "grounds" of his "entitle[ment] to relief" requires more
> than labels and conclusions, and a formulaic recitation of the elements of a cause
> of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92
> L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true
> a legal conclusion couched as a factual allegation"). Factual allegations must be
> enough to raise a right to relief above the speculative level[.]

*Twombly*, 550 U.S. at 555 (alteration original) (citation omitted). "[A] complaint must contain

sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."

*Ashcroft*, 556 U.S. at 678. Merely reciting the elements of a cause and supporting those elements with conclusory statements is not sufficient. *Id.*

    **B.**    **Analysis**

        1.    <u>Statute of Limitations</u>

The FHA provides that "[a]n aggrieved person may commence a civil action in an appropriate United States district court . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . to obtain appropriate relief[.]" 42 U.S.C. § 3613(a)(1)(A). An administrative proceeding reviewing the alleged discriminatory housing practice tolls the two-year period. 42 U.S.C. § 3613(a)(1)(A). In other words, after the review of the administrative proceeding concludes, the plaintiff has two years to file an FHA claim against the defendant. *Smith v. Hein*, No. 22-35658, 2023 WL 5011748, at *1 (9th Cir. Aug. 7, 2023).

"The statute of limitations for the Rehabilitation Act Section 504 claim is provided by the analogous state law." *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 823 n.11 (9th Cir.), *amended,* 271 F.3d 910 (9th Cir. 2001). In Oregon, that law is Or. Rev. Stat. § ("ORS") 659A.142(5). *T.L. ex rel. Lowry v. Sherwood Charter Sch.*, No. 03:13-CV-01562-HZ, 2014 WL 897123, at *8–9 (D. Or. Mar. 6, 2014), *aff'd sub nom. Lowry v. Sherwood Charter Sch.*, 691 F. App'x 310 (9th Cir. 2017); *Updike v. Clackamas Cnty.*, No. 3:15-CV-00723-SI, 2015 WL 7722410, at *5 (D. Or. Nov. 30, 2015). ORS 659A142(5) provides:

    (a) It is an unlawful practice for state government to exclude an individual from participation in or deny an individual the benefits of the services, programs or activities of state government or to make any distinction, discrimination or restriction because the individual has a disability.

    (b) Paragraph (a) of this subsection is intended to ensure equal access to available services, programs and activities of state government.

The statute of limitations for a claim brought under ORS 659A.142(5) is two years. ORS

12.110(1) and ORS 30.275(9); *see Walden v. Dawson*, No. 6:12-CV-02155-MC, 2014 WL

5810824, at *6 (D. Or. Nov. 7, 2014); *see also T.L. ex rel. Lowry*, 2014 WL 897123 at *9.

Here, Plaintiff's FHA and Rehabilitation Act claims are subject to a two-year statute of

limitations period. That limitations period began when Plaintiff's appeal of HALC's decision

was denied. Plaintiff alleges that her administrative appeal was denied on March 17, 2022. She

filed her Complaint more than two years later, on June 23, 2025. Plaintiff's claims are therefore

barred by the statute of limitations and the Court must dismiss for failure to state a legally

actionable claim.

2.    Leave to Amend

Ordinarily, self-represented litigants are given leave to amend. *Karim-Panahi v. L.A.*

*Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988). But if it is "absolutely clear that the

deficiencies of the complaint could not be cured by amendment," leave to amend need not be

given. *Id.* (internal quotation marks omitted).

It appears that Plaintiff's claims are barred by the statute of limitations because she filed

her Complaint more than two years after her administrative appeal was denied. Out of an

abundance of caution, Plaintiff is given leave to amend to clarify and cure, if possible, the failure

to state an actionable claim. The Court grants Plaintiff leave to amend her Complaint within 30

days.

**III.    Motion for Appointment of Pro Bono Counsel**

Plaintiff also moves the Court for appointment of pro bono counsel. Generally, there is

no constitutional right to counsel in a civil matter and a court may not "authorize the

appointment of counsel to involuntary service." *See United States v. 30.64 Acres of Land*, 795

F.2d 796, 801 (9th Cir. 1986). A district court, however, may request an attorney to represent

any individual unable to afford counsel in limited circumstances. 28 U.S.C. § 1915(e)(1). The decision to appoint counsel is "within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quotation marks and citation omitted). A finding of exceptional circumstances is dependent on two factors: the plaintiff's likelihood of success on the merits, and the plaintiff's ability to articulate their claims considering the complexity of the legal issues involved. *Id.* Neither factor is dispositive, and both must be considered together before ruling on a request for counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

The Court finds exceptional circumstances do not exist sufficient to justify the appointment of pro bono counsel at this time. Given that Plaintiff's claims, as alleged, are time-barred, Plaintiff is unlikely to succeed on the merits. Plaintiff's Motion for Appointment of Pro Bono Counsel is denied, with leave to renew at a later time.

Plaintiff is advised to review the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," available to the public at https://www.ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself. Additionally, while the Court expresses no endorsement of these resources, Plaintiff may seek assistance through the Federal Bar Association's free Law Clinic program, https://oregonfederalbarassociation.org/federal-law-clinic, or a legal services provider listed on the Oregon Legal Aid Directory, https://oregonlawhelp.org/find-legal-help.

## CONCLUSION

For the reasons explained above, Plaintiff's Application to Proceed in Forma Pauperis (ECF No. 2) is GRANTED. However, the Complaint is DISMISSED with leave to amend to

cure, if possible, the deficiencies outlined above. Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 3) is DENIED without prejudice.

DATED this <u>20th</u> day of August 2025.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge