UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

|  |  |
|---|---|
| EVA BORTNICK, | Case No. 6:25-cv-01072-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| HOUSING AUTHORITY OF LINCOLN COUNTY, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Eva Bortnick brings this action against the Housing Authority of Lincoln County ("HALC"), asserting claims under the Fair Housing Act ("FHA"), Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act. Plaintiff alleges that HALC discriminated against her by denying her request for a reasonable accommodation that would have allowed her to rent a two-bedroom home that suited her disability-related needs.

The Court previously granted Plaintiff leave to proceed *in forma pauperis* ("IFP") and dismissed her original Complaint as barred by the statute of limitations. ECF No. 9. Plaintiff timely filed her First Amended Complaint ("FAC"). ECF No. 10. In addition to Plaintiff's FAC, before the Court are Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 11); Motions for Leave to File an Amended Complaint (ECF Nos. 13, 16); and Motions to Redact and

Page 1 — OPINION AND ORDER

Seal (ECF Nos. 12, 14, 15, 18). For the reasons discussed below, Plaintiff's motions to amend her Complaint are granted, and all other motions are denied.

### STANDARDS

Under 28 U.S.C. § 1915(e)(2), Congress established that a court shall dismiss an IFP complaint, either *sua sponte* or pursuant to a motion by the opposing party, when the complaint "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim when there is no cognizable legal theory, or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

In determining the sufficiency of a self-represented party's complaint, a court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (allegations of material fact are taken as true and construed in the light most favorable to plaintiff). However, a complaint must still comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court explained in *Twombly*:

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level[.]

*Twombly*, 550 U.S. at 555 (alteration original) (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. Merely reciting the elements of a cause and supporting those elements with conclusory statements is not sufficient. *Id.*

## DISCUSSION

### I.    Plaintiff's First Amended Complaint

Plaintiff filed her original Complaint on June 23, 2025. ECF No. 1. The Court understood from that Complaint that "Plaintiff's appeal of the decision to deny her requested accommodation was denied on March 17, 2022." Opinion & Order 2, ECF No. 9. Based on that understanding, the Court dismissed Plaintiff's claims as untimely under the two-year statute of limitations. *Id.* at 4 (citing 42 U.S.C. §§ 3613(a)(1)(A)).

In her FAC, Plaintiff clarifies that she appealed to the HALC Director on March 17, 2022, and then "contacted BOLI for investigation on April 28, 2022 . . . ." ECF No. 10-2, at 28. She alleges that BOLI dismissed her claim on July 26, 2023, and that she received BOLI's reply on August 7, 2023. *Id.*; FAC ¶ 60; FAC Ex. 18.

Those allegations allow the Court to infer that Plaintiff's FHA claim may have been tolled until at least July 26, 2023, which was less than two years before she filed her June 23, 2025 Complaint. Plaintiff's FAC remedies the deficiency the Court previously as to her FHA claim.

Looking to Plaintiff's other allegations, which the Court construes as true and in the light most favorable to her, Plaintiff may have a claim under the Fair Housing Act. To state a claim for discrimination for refusal to make a reasonable accommodation, a plaintiff must allege that "(1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that

accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation." *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006).

Plaintiff alleges that she has a handicap, informed Defendant of her handicap, and requested a reasonable accommodation that HALC denied. Plaintiff also alleges that the accommodation of an additional payment amount was necessary to afford her an equal opportunity to enjoy a home that accommodated her needs. It remains unclear whether the accommodation Plaintiff sought was reasonable or whether it would have imposed a "fundamental alteration in the nature of the program or undue financial or administrative burdens." *Giebeler v. M&B Assocs.*, 343 F.3d 1143, 1157 (9th Cir. 2003). But at this stage, Plaintiff's FHA claim survives.

Plaintiff's claims under the ADA and Rehabilitation Act, however, remain barred by the statute of limitations. The District of Oregon has generally held that for non-employment claims brought under the Rehabilitation Act or the ADA, the most analogous Oregon statute is Oregon Revised Statute § 12.110, which provides a two-year statute of limitations. *Savona v. S. Or. Univ.*, 2018 WL 1547843, at *3 (D. Or. Mar. 29, 2018); *A.F. by & through Feola v. Starbucks Corp.*, 2018 WL 1161385, at *3 (D. Or. Mar. 5, 2018); *Updike v. Clackamas Cnty.*, 2015 WL 7722410, at *5 (D. Or. Nov. 30, 2015); *Walden v. Dawson*, 2014 WL 5810824, at *6 (D. Or. Nov. 7, 2014); *T.L. ex rel. Lowry v. Sherwood Charter Sch.*, 2014 WL 897123, at *9 (D. Or. Mar. 6, 2014) ("the statute of limitations set forth in ORS 12.110(1), which governs general tort claims, was the more appropriate statute of limitations for discrimination claims brought pursuant to the ADA and the Rehabilitation Act ..."). And unlike the FHA, neither the ADA nor

the Rehabilitation Act have a tolling provision. Those claims therefore remain untimely and are dismissed with prejudice.

## II.    Motion for Appointment of Pro Bono Counsel

Plaintiff also moves the Court for appointment of counsel.  There is generally no constitutional right to counsel in a civil case and a court may not "authorize [the] appointment of counsel to involuntary service." *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). A district court, however, may request an attorney to represent any person unable to afford counsel in limited circumstances. 28 U.S.C. § 1915(e)(1). The decision to appoint counsel is "within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quotation marks and citation omitted). A finding of exceptional circumstances depends on two factors: the plaintiff's likelihood of success on the merits, and the plaintiff's ability to articulate their claims in light of the complexity of the legal issues involved. *Id.* Neither factor is dispositive and both must be viewed together before ruling on a request for counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

The Court finds exceptional circumstances do not exist sufficient to justify appointment of counsel at this time. Plaintiff represents that she needs assistance with her claims and is unable to pay for an attorney. Given the early stage of this litigation, however, the Court is unable to draw any conclusions regarding Plaintiff's likelihood of success on the merits. Plaintiff has demonstrated an ability to sufficiently articulate her claims so that the Court may hear them. The Court therefore finds that it is premature to grant Plaintiff's request for appointment of counsel. Plaintiff has leave to renew her motion at a later time.

Plaintiff is advised to review the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," that is available to the public at

https://www.ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself. Additionally, while the Court expresses no endorsement of these resources, Plaintiff may seek assistance through the Federal Bar Association's free Law Clinic program, https://oregonfederalbarassociation.org/federal-law-clinic, or a legal services provider listed on the Oregon Legal Aid Directory, https://oregonlawhelp.org/find-legal-help.

### III.    Motions to Redact or Seal

Plaintiff also moves to "replace previously submitted motions [to redact or seal] with" a new motion to redact or seal. ECF No. 18. Those prior motions, ECF Nos. 12, 14, and 15, are DENIED as moot. Plaintiff moves to redact or seal her address and medical information. ECF No. 18. Plaintiff's motion is DENIED. She has failed to demonstrate "compelling reasons" to overcome the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (quotation marks and citations omitted). While medical privacy can sometimes be a compelling reason, Plaintiff does not seek to redact information that is particularly sensitive or detailed. The details Plaintiff wishes to redact are regularly filed in publicly available litigation documents, such as her address and the basis for her claims, including her disability and related needs.

### IV.    Motion for Leave to File Amended Complaint

Finally, Plaintiff moves the Court for leave to amend errors in her First Amended Complaint and to add new allegations. ECF Nos. 13, 16. Those motions are GRANTED. Plaintiff may incorporate the desired changes into her Second Amended Complaint.

<strong>CONCLUSION</strong>

For the reasons explained above, Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 11) is DENIED; Plaintiff's Motion to Redact Personal Information, Motion to Seal Photographs, and Motion to Seal Unredacted Exhibits (ECF Nos. 12, 14, 15) are DENIED

as moot; Plaintiff's Motion to Redact and Seal (ECF No. 18) is DENIED; and Plaintiff's Motions

for Leave to Amend (ECF Nos. 13, 16) are GRANTED. Plaintiff's Second Amended Complaint

is due within 30 days of this Order.

IT IS SO ORDERED.

DATED this 20th day of March 2026.


s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge